## Lechner's Estate.

*Decedents' estates — Distribution — Personal fund — Taxes as preferred claim.*

Borough taxes have no preference in the distribution of the personal estate of a decedent, and, therefore, a mortgage creditor who has paid the taxes cannot claim a preference, he being subrogated merely to the rights of the borough.

Adjudication, claim of L. P. G. Fegley. O. C. Berks Co., File No. 10214.

*Thomas K. Leidy,* for claimant; *Walter B. Freed,* for accountant.

SCHAEFFER, P. J., Dec. 31, 1925.—The decedent died on Jan. 27, 1925, intestate and married, survived by a widow, Ellie R. Lechner. His estate is insolvent.

The account contains the principal proceeds of personal estate and shows a balance for distribution of $464.48.

Counsel for Mr. Fegley, as we understand the matter, contends that at least part of the latter's claim is entitled to a preference on the fund for distribution. The part thus claimed is $89, being the two items for taxes paid to the borough and the school district, on which liens were duly filed in the prothonotary's office. In the foreclosure proceedings which Mr. Fegley brought against the decedent, the municipality insisted on having its tax liens paid; and Mr. Fegley having paid them, now asks to be subrogated to the rights of the municipality in said tax liens.

We think Mr. Fegley is quite correct with respect to his rights of subrogation. As the mortgage creditor of the decedent, he was compelled, in the foreclosure of his mortgage, to pay the municipality its taxes in order to have the property released from the liens: Pittsburgh v. O'Reilly, 7 Dist. R. 758. But his rights of subrogation rise no higher than the rights of the municipality. The fund for distribution here is proceeds of personal, not real estate. Were it real estate, the municipality's lien would have covered it, and Mr. Fegley's rights would be secure; but, being personal estate, its distribution is prescribed by the 13th section of the Fiduciaries Act of June 7, 1917, P. L. 447. By that act, debts of the decedent are divided into three classes, in the first two of which are particularly specified those claims that are entitled to a preference on the personal assets. Among these, tax liens are not mentioned, and, consequently, they come within the third class, or "all other debts, without regard to the quality of the same." The result is that the municipality itself, were it claiming payment here of its tax liens, would be entitled to no preference on this fund, and, therefore, Mr. Fegley, who is subrogated to its rights, is likewise not entitled to a preference: Michaelsen's Estate, 26 Dist. R. 503. His claim is allowed as a common claim.

From Charles K. Derr, Reading, Pa.